IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAMSON | ) | CASE NO.  1:04 CV 629 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| JAMES HAVILAND, Warden | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OF OPINION |

On April 1, 2004, Michael Williamson, Petitioner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 1, 2005, a Magistrate Judge recommended that the petition be denied.  On July 25, 2005, Petitioner filed objections to the Magistrate Judge's report and recommendation.

The Court finds that an evidentiary hearing is not necessary.  See 28 U.S.C. § 2254(e); Rule 8(a) of Rules Governing 2254 Proceedings.  For the following reasons, the Court adopts the recommendation of the magistrate and the petition is DENIED.

## I. FACTS

This case arose from allegations that Petitioner had sexual relations with his seven-year-old stepdaughter over an extended period of time.  The Cuyahoga County Grand Jury indicted Petitioner for twelve counts of rape of a minor.  (Return of Writ Ex. 1.)  On December 17, 2001,

the trial began.

At Petitioner's trial, the following facts emerged. The victim testified that she was seven-years-old at the time of the rapes. The State called Sally Weindorf, a social worker with Children and Family Services, who testified that the victim told her what happened on April 20, 2001. Weindorf testified that the victim identified the Petitioner as the violater. After her interview with the victim, Weindorf referred the victim to Dr. David Bar-Shain for examination, who concluded that sexual abuse probably occurred.

On December 21, 2001, the jury found Petitioner guilty on twelve counts of rape as charged in the indictment. (Return of Writ Ex. 4.) On January 29, 2002, the court sentenced Petitioner to life terms on each of the counts one through twelve, to be served consecutively. (Return of Writ Ex. 6.)

On March 7, 2002, Petitioner appealed his conviction and sentence to the Ohio Court of Appeals for the Eighth Appellate District. (Return of Writ Ex. 8.) On July 24, 2002, Petitioner filed a brief alleging two assignments of error:

> The trial court committed plain error by permitting the prosecutor (1) to elicit inadmissible, irrelevant and highly prejudicial hearsay testimony, (2) to cross-examine defense witnesses regarding the truth of additional inadmissible, irrelevant and highly prejudicial hearsay statements not in evidence, and (3) to argue the truth of further irrelevant, inadmissible and highly prejudicial hearsay statements not in evidence to the jury in closing argument.
>
> Appellant was denied the effective assistance of counsel where counsel failed to enter rudimentary objections and grossly mishandled an exculpatory witness by failing to offer his testimony, failing to adequately proffer that his testimony would have been that he coached the alleged victim's accusations, and failing to file a motion for new trial based upon this exculpatory witness' more detailed post verdict

statements.

(Return of Writ Ex. 9.) On December 9, 2002, the state appellate court affirmed the Petitioner's conviction and sentence. (Return of Writ Ex. 11.)

On January 21, 2003, Petitioner appealed to the Ohio Supreme Court. (Return of Writ Ex. 12.) Petitioner asserted the same two propositions of law as those alleged to the Ohio Eight District Court of Appeals. On April 2, 2003, the Ohio Supreme Court dismissed the appeal on the grounds that it did not involve any substantial constitutional question. (Return of Writ Ex. 15.)

On October 17, 2002, while his direct appeal was pending, Petitioner, *pro se*, filed an untimely petition to vacate or set aside the judgment of the conviction or sentence in the Cuyahoga Court of Common Pleas. Petitioner raised two claims: (1) Inadmissible, irrelevant, and highly prejudicial hearsay testimony, and (2) the Prosecutor and Judge denied testimony of three witnesses on Petitioner's behalf, all of whom were summoned. (Return of Writ Ex. 16.) On October 28, 2002, the trial court denied the petition to vacate or set aside the judgment. (Return of Writ Ex. 17.)

On December 4, 2002, Petitioner, *pro se*, filed a motion for a new trial raising the same claims as those raised in the post-trial conviction petition. (Return of Writ Ex. 18.) On December 12, 2002, the trial court denied Petitioner's motion. (Return of Writ Ex. 19.)

On April 1, 2004, Petitioner, *pro se*, filed the instant Petition for Writ of Habeas Corpus, raising three grounds for relief: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, and (3) withholding evidence.

## II. LAW

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be granted if a federal constitutional right guaranteed to the petitioner was violated in the state court proceedings. Clemmons v. Sowders, 34 F.3d 352, 353 (6th Cir. 1994); Serra v. Michigan Dep't of Corr., 4 F.3d 1348, 1350 (6th Cir. 1993), cert. denied, 501 U.S. 1201 (1994). Relief will be granted if errors in the state court proceedings precluded fundamental fairness at trial in violation of the petitioner's right to due process. See Lundy v. Campbell, 888 F.2d 467, 470 (6th Cir. 1989), cert. denied, 495 U.S. 950 (1990).

A petitioner must exhaust state remedies before a federal court may review a petition for habeas relief. 28 U.S.C. §2254(b); Picard v. Connor, 404 U.S. 270, 275 (1971). The exhaustion requirement is satisfied if the highest state court in the state in which the petitioner was convicted has had a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994); Manning v. Alexander, 912 F.2d 878, 880-81 (6th Cir. 1990).

If a petitioner has no remaining state remedies but has not presented his claims to the highest state court in a federal constitutional situation, the petitioner's state remedies are exhausted and he has procedurally defaulted on those claims not raised. Hannah v. Conley, 49 F.3d 1193, 1195-56 (6th Cir. 1995). A federal habeas corpus court is barred from hearing issues that could have been raised in the state courts, unless a petitioner can demonstrate cause for the procedural default and actual prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S. 107 (1982).

Petitioner raises a claim of prosecutorial misconduct by eliciting inadmissible and otherwise improper evidence. He asserts that the trial court infringed upon his rights under the

-4-

Fourteenth Amendment Due Process Clause when it permitted such conduct and admitted the improper evidence. On habeas review, a court must inquire whether any improper comments by the prosecutor "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986); Macias v. Makowski, 291 F.3d 447, 451 (6th Cir. 2002). Federal habeas corpus relief will be appropriate where a violation of the state's evidentiary rule has resulted in the denial of fundamental fairness, causing a due process violation. Brown v. O'Dea, 227 F.3d 642, 645 (6th Cir. 2000), cert. denied, 532 U.S. 1012 (2001); Cooper, 837 F.2d at 286.

Petitioner asserts that his trial counsel was constitutionally ineffective. The United States Supreme Court set forth the standard for determining ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). The Strickland standard applies to both trial and appellate counsel. See Smith v. Murray, 477 U.S. 527, 535-36 (1986). The Supreme Court developed a two-prong test for determining ineffective assistance of counsel: "[petitioner] must first show that his counsel was objectively unreasonable…. If [he] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable [assistance]…, he would have prevailed…." Smith v. Robbins, 120 S.Ct. 746, 764 (2000).

Under the first prong, the Court "must indulge a strong presumption" that counsel's assistance was reasonable, and avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. The Court views errors within the context of the entire record to determine whether, the errors, taken as a whole, were so egregious as to undermine the fundamental fairness of the trial. Lundy, 888 F.2d at 472-73.

Under the second prong, a "reasonable probability" is one sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The Court determines prejudice with attention to whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). "Unreliability does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id. at 372.

### III. ANALYSIS

A. Evidentiary Rulings

Petitioner contends:

> A trial court commits plain error by permitting the prosecutor (1) to elicit inadmissible, irrelevant and highly prejudicial hearsay testimony, (2) to cross-examine defense witnesses regarding the truth of additional inadmissible, irrelevant and highly prejudicial hearsay statements not in evidence, and (3) to argue the truth of further irrelevant, inadmissible, and highly prejudicial hearsay statements not in evidence to the jury in closing argument.

(Doc. 1, at 3.) Petitioner argues that the trial court erred in its evidentiary rulings. See generally doc. 1, at 4-12; doc.13.

Petitioner must support a claim of prosecutorial misconduct by showing malfeasance or wrongdoing on the part of the prosecutor. A court must first examine whether the challenged remarks were indeed improper. See United States v. Garcia-Meza, 403 F.3d 364, 373 (6th Cir. 2005); United States v. Francis, 170 F.3d 546, 549 (6th Cir. 1999).

Petitioner argues that the prosecutor erroneously elicited hearsay testimony from social worker Sally Weindorf as to what the victim told her about Petitioner's violence toward her mother and younger brothers. (Doc. 1, at 2). Petitioner asserts that the statements rendered from

-6-

the prosecutor's questioning were irrelevant and inadmissible under Ohio Evidence Rules 401 and 402. Id. at 4.

The "clearly established rule" is that errors of state law, "especially rulings regarding the admission or exclusion of evidence," are not within the purview of a federal habeas court. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988). See also Johnson v. Karnes, 198 F.3d 589, 593 n.3 (6th Cir. 1999) (citing Estelle v. McGuire, 502 U.S. 62 (1991)). The Ohio Court of Appeals for the Eighth Judicial District ruled that a young rape victim's statements to a social worker are admissible as an exception to the hearsay rule, provided that the statements were made in the course of physical or psychological treatment. Ohio R. Evid. 803(4); State v. Chappell, 97 Ohio App.3d 515, 531 (Ohio Ct.App. 1994).

Weindorf, a social worker from the Cuyahoga Department of Children and Family Services, conducted an interview and history report with the victim. Children and Family Services then used Weindorf's report to refer the victim to Dr. David Bar-Shain. Dr. Bar-Shain, the physician who later physically and psychologically examined the victim, utilized the information gathered by Weindorf in his assessment. (Tr. 332). Pursuant to Ohio Evidence Rule 803(4), the statements made by Sally Weindorf were admissible under the medical treatment hearsay exception. Ohio Evid. R. 803(4). There is no doubt that statements made for the purpose of medical diagnosis or treatment fall within a firmly rooted hearsay exception. White v. Illinois, 502 U.S. 346, 355 n.8 (1992) (applying the medical treatment exception to the hearsay rule to the out-of-court statements of a four-year old sexual assault victim). The Ohio Court of Appeals ruled that the contested statements were admissible, thus, Petitioner unsuccessfully demonstrated that comments by the prosecutor "so infected the trial with unfairness as to make the resulting

conviction a denial of due process." Darden, 477 U.S. at 181; Donnelly v. DeChristoforo, 416 U.S. 637, 643.

Petitioner argues that the prosecutor's "elicitation of prior bad acts evidence was improper" and irrelevant to the main issue of the case. (Doc. 1, at 7). The Ohio Court of Appeals determined that admitted hearsay testimony about petitioner's physical abuse toward the victim's mother and younger brothers was relevant. (Doc. 17, RX 11, at 7-10; State v. Williamson, No. 80982, 2002 WL 31667650, at *3-*4 (Ohio Ct. App. Nov. 27, 2002)).

Evidence Rule 404(b) states that other acts testimony may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Ohio Evid. R. 404(b). Evidence of physical and psychological abuse that occurred in a home between the abuser and the victim is relevant and probative of a method of control used to force sex upon the victim and is concomitantly related to the charge of rape and gross sexual imposition. State v. Martin, 1990 Ohio App. LEXIS 5389 (Ohio Ct. App. 1990).

The Court of Appeals reasoned that the physical violence that took place in the household between Petitioner and the victim, her brothers, and her mother evidenced a relevant and probative method of control used by Petitioner to sexually abuse the victim. (Doc. 17, RX 11, at 7-10; Williamson, 2002 WL 31667650, *3-*4.) The Court of Appeals found Petitioner's error of state law assertion meritless; thus, such claim is not cognizable through a federal habeas petition. Norris v. Schotten, 146 F.3d 314, 328 (6th Cir. 1998), cert. denied, 525 U.S. 935 (1998).

In his Objections to the Magistrate's Report and Recommendation, Petitioner argues that the admission at trial of the other children's out-of-court statements to social worker Sally Weindorf about Petitioner's physical abuse and use of drugs, violated his Sixth Amendment

-8-

Confrontation Clause right. The United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." U.S. CONST. amend. VI. Petitioner contends that the trial court violated his Confrontation Clause right when it sustained a state objection to an attempt by the defense to have the other children testify. (Doc. 1, at 8).

The Confrontation Clause "does not necessarily prohibit the admission of hearsay statements against a criminal defendant, even though the admission of such statements might be thought to violate the literal terms of the Clause." Bugh v. Mitchell, 329 F.3d 496, 506 (6th Cir. 2003) (quoting Idaho v. Wright, 497 U.S. 805, 813 (1990)). A witness's prior statements may still be admissible if the statements bear sufficient "indicia of reliability." Ohio v. Roberts, 448 U.S. 56, 66 (1980). To meet that test, evidence must either fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. The trial court admitted the evidence. (Tr. 389).

Further, defense counsel did not intend to confront Michael Williamson and Logan Blakley as to their comments regarding Petitioner's physical abuse and drug usage in the household. (Tr. 577). Defense counsel intended to impeach the credibility of the victim by questioning the victim's younger brothers. (Tr. 568). Ohio Evidence Rule 608(b) states:

> Specific instances of the conduct of a witness, for the purposes of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. Ohio Evid. R. 608.

Not only had the trial court in its discretion ruled to prohibit the questioning of the victim's younger brothers, but defense counsel also had an opportunity on cross-examination to elicit inconsistencies in the testimony of both the victim and Sally Weindorf. The Supreme Court has recognized a legitimate interest in preventing mini-trials on collateral issues. See United States v. Scheffer, 523 U.S. 303, 314 (1998). This court remains unconvinced that unearthing bias by extrinsic evidence is "particularly significant" or a "fundamental element of the accused's defense," especially in light of the fact that Petitioner had sufficient opportunity to unearth bias on cross-examination. See Harrington v. Jackson, 1 Fed.Appx. 367, 372 (6th Cir. 2001). Petitioner's first assignment of error is without merit.

### B. Ineffective Assistance of Counsel

Petitioner contends:

> A criminal defendant is denied the effective assistance of counsel where counsel failed to enter rudimentary objections and grossly mishandled an exculpatory witness by failing to offer his testimony, failing to adequately proffer that his testimony would have been that he coached the alleged victim's accusations, and failing to file a motion for new trial based upon this exculpatory witness's more detailed post-verdict statements.

(Doc. 1, at 13). In order to prove a claim of ineffective assistance of counsel, petitioner is required to show that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of petitioner's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland, 466 U.S. at 668. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as producing a just result." Id. at 686.

A claim of unreasonable performance must be evidenced by more than unsupported

-10-

generalizations. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Rather, a petitioner must point to specific acts or omissions that fell outside the wide range of competent assistance. Patel v. United States, 19 F.3d 1231, 1235 (7th Cir. 1994). Petitioner bears the burden of overcoming a presumption that the challenged conduct might be considered sound trial strategy. Miller v. Francis, 269 F.3d 609, 615 (6th Cir. 2001).

Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." United States v. Morrison, 449 U.S. 361, 364-365 (1981).

Petitioner claims defense counsel ineffectively represented him by not objecting to inadmissible hearsay evidence pertaining to Petitioner's use of drugs and physical violence toward his children. (Doc. 1, at 15). To find a "reasonable probability" that the outcome would have been different if defense counsel had raised the objections at issue, there must be a reasonable probability that the objections would have been successful. Koras v. Robinson, No. 03-1709, 2005 WL 361583, at *4 (6th Cir. Feb. 15, 2005). The Ohio Court of Appeals held the evidence of Petitioner's physical abuse and drug usage to be admissible. (Doc. 17, RX 11, at 13; Williamson, 2002 WL 31667650, at *3-*4.) Therefore, defense counsel's failure to object to other acts testimony did not reach the requisite level of prejudice to warrant a reversal of conviction. Id. A habeas court is generally bound by state court interpretations of state law. Estelle, 502 U.S. at 67-68. Thus, defense counsel's decision not to enter rudimentary objections to evidence of other acts did not amount to objectively unreasonable assistance

because the trial court ruled the evidence admissible.

Petitioner also claims that the defense counsel prejudiced the case when he "grossly mishandled" an exculpatory witness.  (Doc. 1, at 13).  Before trial, defense counsel produced Mark Neiswonger, a handicapped man who paid rent and lived with Petitioner, as a witness for the defense.  The defense contended that Neiswonger was going to testify that he also molested the victim.  (Tr. 737-749).  Defense counsel also claims that at the time of sentencing Neiswonger was to testify that he coached the victim regarding her accusations against Petitioner.  As to the latter claim, the transcript shows that Neiswonger was present at the sentencing and declined to make any statement.  (Tr. 857-859).

As to the former claim, the trial court ruled that defense counsel introduced Neiswonger's testimony for the purpose of contradicting victim's testimony.  A witness may not be impeached by evidence that merely contradicts her testimony on collateral matters. State v. Boggs, 588 N.E.2d 813 (Ohio 1992).  The Sixth Circuit is in conformity with the Ohio Supreme Court.  See United States v. Markarian, 967 F.2d 1098, 1102 (6th Cir. 1992) (finding that extrinsic evidence may not be admitted in order to impeach a witness on a collateral issue), cert. denied, 507 U.S. 942 (1993).  Thus, defense counsel's treatment of an exculpatory witness did not constitute the requisite prejudice to satisfy the second prong of the Strickland Test.

The strength of other evidence against Petitioner also weighs against a finding that Neiswonger's absence as a witness prejudiced Petitioner.  See Strickland, 466 U.S. at 696 ("A verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support.").  Dr. David Bar-Shain (Tr. 303-313),

social worker Sally Weindorf (Tr. 342-345), and the victim (Tr. 433-450) all proffered testimony as to the acts of sexual abuse inflicted by Petitioner upon the victim. Petitioner's second assignment of error is without merit.

### C. Withholding Evidence

Petitioner contends that the state improperly withheld DNA evidence, which would have cleared him of the charges. On April 20, 2001, during Petitioner's arrest, officers took a blanket from the Petitioner's home. Petitioner was ordered to submit to a DNA test. Petitioner asserts that the blanket and his DNA results should have been entered into evidence during trial because the evidence would have revealed "that the wrong person was being charged." (Doc. 1, at 18).

The doctrine of procedural default bars review of Petitioner's third claim for relief. This claim is an alleged trial error that Petitioner did not assert in the direct appeal of his conviction. Petitioner has exhausted his direct appeal, thus, the doctrine of *res judicata* now precludes him from raising these claims in Ohio courts. See State v. Perry, 226 N.E.2d 104 (Ohio 1967). Because Petitioner did not assert this claim and no longer can, it has not been fairly presented to the highest court in Ohio and is procedurally defaulted.

In this circuit, a court must conduct a four-step analysis to determine whether a petitioner has procedurally defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule…. Second, the court must decide whether the state courts actually enforced the state procedural sanction…. Third, the court must determine whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim… [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate… that there was "cause" for him to not follow the procedural rule and that he was

-13-

actually prejudiced by the alleged constitutional error.

Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986); see also Coleman v. Thompson, 501 U.S. 722 (1991).

This Court will not excuse Petitioner's procedural default because he cannot satisfy the four-step Maupin test. The doctrine of *res judicata* is an applicable state procedural rule that petitioner failed to act in accordance with when he did not raise this claim during the direct appeal of his conviction. Ohio courts enforce the doctrine of *res judicata*. See State v. Szefcyk, 671 N.E.2d 233 (Ohio 1996); State v. Cole, 443 N.E.2d 169 (Ohio 1982). Moreover, the United States Supreme Court stated, "[the] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' enforced by the courts." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981)(citation omitted). Res judicata is an "adequate and independent" state ground on which the state of Ohio can prevent review of a federal constitutional claim. Rust, 17 F.3d at 160. Thus, Petitioner failed to fulfill the first three steps of the Maupin test.

Petitioner contends that prosecution and defense counsel's "multiple instances of misconduct" and defense counsel's failure to question the admissibility of the blanket on review, caused the procedural default and prejudiced his case. (Doc. 1, at 18). Demonstrating "cause" requires showing that an objective factor apart from the defense hindered counsel's efforts to abide by the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner's other claims of procedural misconduct and ineffective assistance of counsel have been ruled without merit; thus, Petitioner has not succeeded in demonstrating "cause."

Demonstrating "prejudice" requires showing a disadvantage "infecting" the trial with

-14-

constitutional error. United States v. Frady, 456 U.S. 152, 168 (1982). Petitioner cannot demonstrate prosecutorial misconduct or ineffective assistance of counsel, and has not shown actual prejudice as a result of the alleged errors. Further, Petitioner claimed that the blanket would have revealed "that the wrong person was being charged," yet, Petitioner did not elaborate on how the blanket could substantiate this claim. Petitioner did not satisfy the fourth step of the Maupin test; thus, his third assignment of error is procedurally defaulted.

## IV. **CONCLUSION**

For the foregoing reasons, the Petition is denied.

The Court certifies that an appeal cannot be taken in good faith because the petitioner has not made a substantial showing of the denial of a constitutional right. See Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


Issued: February 6, 2006                    s/ John M. Manos
                                            UNITED STATES DISTRICT JUDGE